IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-7272

_____


JUSTIN LEE MAY,

                    Petitioner-Appellant,

v.

JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division,

                    Respondent-Appellee.

_____

On Application for a Certificate of Probable Cause
and for a Stay of Execution
_____

(May 6, 1992)

Before KING, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:

     Justin Lee May is scheduled to be executed before dawn on

May 7, 1992.  On February 26, we affirmed the denial of habeas

relief in his third federal habeas corpus petition.  May v.

Collins, 955 F.2d 299 (5th Cir. 1992), petition for cert. and for

stay of execution filed, No. 91-7832 (U.S. April 2, 1992).  On

April 29, he filed a motion for relief from judgment under Rule

60(b) of the Federal Rules of Civil Procedure and a motion for a

stay of execution.  The district court denied the Rule 60(b)

motion, denied a stay, and denied a certificate of probable cause

to appeal.  May has applied to this court for a certificate of probable cause and for a stay of execution.

I.

The facts and long procedural history of this case can be found in our most recent opinion.  May, 955 F.2d at 301-307.  The facts relevant to this appeal are as follows: In support of his third state habeas petition, May submitted affidavits in which two persons who had testified at trial, Richard Miles and Oren Howard, stated that their testimony was false and that prosecutors used it knowing it was false.  May used this "newly discovered evidence" to argue that his conviction was obtained in violation of the Sixth, Eighth and Fourteenth Amendments.[1]  The State countered with affidavits in which the police and prosecutors involved in the case maintained that they did not knowingly use false testimony.  The state judge, without holding a hearing, found that the Miles and Howard affidavits were unworthy of belief and that the State committed no constitutional violations.  The Texas Court of Criminal Appeals affirmed.

May filed his third federal habeas petition, raising the claims rejected by the state courts.  The district court applied the presumption of correctness, 28 U.S.C. § 2254(d), to the state

---

[1]  The key claims were that the prosecution knowingly used false testimony in violation of Giglio v. United States, 405 U.S. 150 (1972), and Mooney v. Holohan, 294 U.S. 103 (1935) (per curiam), and that the prosecution failed to disclose material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).  May, 955 F.2d at 305.

court's factual findings and denied relief.  We affirmed, rejecting May's argument that the state court's failure to hold a live evidentiary hearing was an inadequate factfinding procedure which rendered the presumption of correctness inapplicable under § 2254(d)(2) or (3).  May, 955 F.2d at 314 & 315 n.19.  May's next action in the district court was to file the motion which is the subject of the instant appeal.

## II.

Under Fed. R. App. P. 22(b), the district court's refusal to grant a certificate of probable cause precludes us from entertaining May's appeal unless we find that May has made a "'substantial showing of the denial of [a] federal right.'"  Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270 n.2 (5th Cir. 1971), cert. denied, 406 U.S. 925 (1972)).  To succeed in this showing, May "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  Barefoot, 463 U.S. at 893 n.4 (citations omitted).  As we explain below, the issue presented on appeal is not controversial.  We decline to grant either a CPC or a stay of execution.

May's Rule 60(b) motion was predicated on remarks made on a television program entitled "City Under Siege" by the state trial

3

judge who presided over both May's trial and third state habeas petition. During the program, the judge stated:

> I don't think the affidavits are probably worth the paper they're written on. . . . There was an eyewitness that was going into the Western Auto store right before the shot was heard, and May comes walking out of the Western Auto store, with a gun.

May argued that this newly discovered evidence entitled him to relief under Rule 60(b)(2) or 60(b)(6). He reasoned that, because there was no eyewitness to the shooting, the judge's statement showed the state court factfinding procedures to be inadequate; the federal district court's basis for applying the presumption of correctness having been eliminated, he contended, he was now entitled to a federal evidentiary hearing.

In denying relief, the district court observed that the state trial judge's findings of fact and conclusions of law do not indicate any reliance on the eyewitness. Moreover, the court held, the broadcast was a collection of sound bites and the juxtaposition of the statements quoted by May does not suggest that the trial judge relied on the "phantom witness" in determining that the affidavits were not worthy of belief. At most, the program indicated that the judge was confused about the role of the eyewitness.

We find that the district court acted well within its discretion to deny the motion. Streetman v. Lynaugh, 835 F.2d 1521, 1524 (5th Cir. 1988). The factual question in state habeas was whether the Miles and Howard affidavits were true. The judge found that they were not, and so concluded that May could not

4

establish a constitutional violation. The same factual question was presented in federal habeas, only the district court was not required to retry the facts unless the state procedures were inadequate. Even viewing the state judge's statement on the television program in the light most favorable to May, it cannot possibly establish that the state court's procedures were inadequate because it has absolutely nothing to do with that court's factfindings. Assuming that the judge was confused about the role of the eyewitness at the time he ruled on the petition, such confusion was unrelated to the task of assessing the credibility of the Miles and Howard affidavits in light of the police and prosecutors' affidavits and in light of Miles' and Howard's trial testimony. As the district judge recognized, the state judge's ultimate findings and conclusions were not in any way dependent on a perfectly accurate recollection of the role of the eyewitness.

Moreover, the judge's statement does not necessarily indicate that he depended on his belief about the eyewitness in determining the truthfulness of the affidavits. The television segment was edited, so the two sentences quoted above did not constitute one continuous statement. As the district court noted, the segment could give the impression that the trial judge thought the affidavits were valueless because Miles' and Howard's trial testimony was corroborated by an eyewitness to the crime, but contrary inferences are quite reasonable. The district court did not, as May argues on appeal, hold him to "an unjustifiably

5

high burden of proof." Finding that the segment led to the reasonable inference that the judge did <u>not</u> base his decision on the affidavits on the eyewitness, the court exercised its discretion to determine that May's evidence did not warrant relief under Rule 60(b).

Finally, May has built this entire motion on what seems to us a false characterization of the state judge's belief about the eyewitness. Robert Dohle, a former Freeport police officer, testified that he saw a man acting suspiciously outside the Western Auto store in Freeport shortly before 6:00 p.m. on the evening of the murders. Shortly after 6:00, Frank and Jeanetta Murdaugh were found dead in the store. Dohle paid close attention to the man and later gave police a detailed description which was consistent with May's physical characteristics. Dohle did not see May come out of the store after the murders, but the trial judge's statement does not indicate that he thought Dohle <u>had</u> seen May exit the store. Rather, the statement suggests that the judge was referring to the eyewitness who saw May before he entered the store. Contrary to the impression which May seeks to convey, the judge did not harbor a wholly fanciful belief in a phantom witness to the crime.

For the foregoing reasons, May's application for a certificate of probable cause and for a stay of execution are DENIED.