**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30464

UNITED STATES of America,

Plaintiff-Appellee,

VERSUS

Robert RICH,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

May 13, 1998

Before POLITZ, Chief Judge, REYNALDO G. GARZA, and DENNIS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Robert Rich has appealed the district court's order denying his motion under FED. R. CIV. PRO. 60(b) for reconsideration of the district court's denial of his prior motion under 28 U.S.C. § 2255. Rich is serving a 480 month sentence under his 1990 conviction for conducting a continuing criminal enterprise and for other drug related offenses. This Court affirmed Rich's convictions on direct appeal. *United States v. Hooper*, No. 90-3352 (5th Cir. Dec. 30, 1991).

Rich filed a motion under 28 U.S.C. § 2255 on June 8, 1993, contending, among other things, that the government withheld the exculpatory statements of a co-conspirator which tended to refute the testimony of the government's key witness, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied Rich's § 2255 motion on February 2, 1994. *United States v. Rich*, No. 89-0087 (E.D. La. Feb. 2, 1994). On June 7, 1995, this Court affirmed the district court's denial of Rich's § 2255 motion, holding that the exculpatory information was not *Brady* material because Rich had already been privy to the information. *United States v. Rich*,

1

No. 94-30094 (5th Cir. June 7, 1995) (affirmed without published opinion, 58 F.3d 637 (5th Cir. 1995) (Table)).

On June 10, 1996, Rich filed the instant Rule 60(b) motion for reconsideration of the district court's order denying his § 2255 motion. Rich's Rule 60(b) motion argued the same violation of *Brady* as his § 2255 motion, but added the argument that *Kyles v. Whitley*, 514 U.S. 419 (1995), which the Supreme Court decided on April 19, 1995, changed the law with respect to the government's obligations to disclose exculpatory evidence. Rich argued that, in light of *Kyles*, the cumulative effect of the information withheld by the Government satisfied *Brady*'s materiality requirement.[1]

In a report and recommendation dated February 10, 1997, the magistrate judge construed Rich's Rule 60(b) motion as a successive § 2255 motion and recommended dismissal because Rich had failed to secure leave of this Court to file a successive § 2255 motion, as required by statute. On February 28, 1997, the district court adopted the magistrate's report and recommendation, and entered judgment denying the motion without prejudice. On appeal, Rich argues that the district court erred by construing his motion as a successive § 2255 motion.

*Discussion*

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits the court to grant relief from a final judgment for "any . . . reason justifying relief from the operation of the judgment [other than the first five reasons listed in the rule]." FED. R. CIV. P. 60(b)(6).[2] There has been a recent trend, however, to treat motions by federal prisoners to set aside their convictions on

---

[1] Meanwhile, Rich twice applied to this Court for leave to file a successive § 2255 motion. This Court denied both applications, on the grounds that Rich had failed to meet the statutory standard for filing a successive § 2255 motion. *See In re Rich*, No. 97-00138 (5th Cir. Apr. 15, 1997); *In re Rich*, No. 96-00248 (5th Cir. Oct. 3, 1996).

[2] Rich's argument, *i.e.*, that *Kyles* effected a change in the law which renders the judgment against him fundamentally unfair, does not correspond to any of the reasons listed in subsections (1) through (5) of Rule 60(b); therefore, the district court appropriately viewed it as a motion based on an "other reason" under subsection (6).

constitutional grounds as § 2255 motions, regardless of the label affixed to the motion. According to this trend, even though Rich's Rule 60(b) motion is styled merely as an attack on the judgment denying Rich's § 2255 motion, we should treat the Rule 60(b) motion as a successive § 2255 motion because the motion actually attacks the validity of Rich's conviction. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. As such, if the district court properly construed Rich's motion as a successive § 2255 motion, it correctly dismissed the motion for failure to satisfy the AEDPA requirements.

We agree that courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions. There is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255. As the Eighth Circuit has noted, "[t]he motion to remand is the functional equivalent of a second or successive petition for habeas corpus. If a second petition making the new allegations asserted in the motion would be dismissed as an abuse of the writ, then the motion to remand should be denied." *Smith v. Armontrout*, 888 F.2d 530, 540 (8th Cir. 1989); *see Blair v. Armontrout*, 976 F.2d 1130, 1134 (8th Cir. 1992) ("The district court did not err in treating the Rule 60(b) motion as the equivalent of a second petition for writ of habeas corpus."), *cert. denied*, 508 U.S. 916 (1993); *see also Guinan v. Delo*, 5 F.3d 313, 316 (8th Cir. 1993) (citing *Blair*); *Bolder v. Armontrout*, 983 F.2d 98, 99 (8th Cir. 1992) (same), *cert. denied*, 506 U.S. 1088 (1993). Other circuits have also joined in this trend. *See, e.g., Lopez v. Douglas*, ___ F.3d ___, ___, 1998 WL 161663, *1 (10th Cir. 1998) (treating Rule 60(b) motion as second habeas petition); *Burris v. Parke*, 130 F.3d 782, 783 (7th Cir. 1997) ("Appellate courts agree that a post-judgment motion under FED. R. CIV. P. 60(b) in the district court, or the equivalent motion in the court of appeals--which is to say, a motion to recall the mandate--is a 'second or successive' application for purposes of § 2244(b). . . . Otherwise the statute would be ineffectual."); *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th

Cir. 1996) ("We agree with those circuits that have held that a Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition . . . ."), *cert. denied*, 117 S. Ct. 2422 (1997); *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir.) (stating that "the established law of this circuit, like the decisions . . . from other circuits, forecloses [the] position that Rule 60(b) motions are not constrained by successive petition rules."); *cert. denied*, 117 S. Ct. 451 (1996); *Hunt v. Nuth*, 57 F.3d 1327, 1339 (4th Cir. 1995) (holding that district courts may properly treat Rule 60(b) motions as successive habeas petitions), *cert. denied*, 516 U.S. 1054 (1996); *Bonin v. Vasquez,* 999 F.2d 425, 428 (9th Cir. 1993) (We . . . join the Fourth, Eighth and Eleventh Circuits in holding that because a Rule 60(b) motion following the entry of final judgment in a habeas case raises policy concerns similar to those implicated by a second petition, it is subject to the same cause and prejudice standard."); *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir.) (evaluating Rule 60(b) motion as habeas petition and dismissing on nonexhaustion grounds), *cert. denied*, 498 U.S. 811 (1990).

Fifth Circuit precedent also supports treatment of a purported Rule 60(b) motion seeking to set aside a conviction as a successive § 2255 motion. In *Williams v. Whitley* we noted that "[w]hile the law of the circuit is somewhat unsettled . . . we are inclined to agree with the State that Fulford's motion for reconsideration is best viewed as yet another habeas petition . . . ." 994 F.2d 226, 230 n.2 (5th Cir.), *cert. denied*, 510 U.S. 1014 (1993). Since *Williams*, in *Behringer v. Johnson* and *Briddle v. Scott*, the petitioners sought to raise new claims in a Rule 60(b) motion, resulting in our treatment of the motions as successive habeas petitions under § 2255. *See Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir.), *cert. denied*, 516 U.S. 1182 (1996); *Briddle v. Scott*, 63 F.3d 364, 376 & n.23 (5th Cir.), *cert. denied*, 516 U.S. 1033 (1995).

Furthermore, the *Williams* Court's reference to the unsettled state of the law in this circuit does not preclude treatment of a Rule 60(b) motion seeking to set aside a conviction as a successive § 2255 motion. *Williams* points to three cases that approached this situation in two different ways. In *United States v. Reyes*, the Court treated a Rule 60(b) motion to vacate a

**4**

conviction as a petition for habeas corpus. 945 F.2d 862, 864 (5th Cir. 1991). The Court noted that motions praying for the vacation of a criminal conviction rather than a civil judgment "are not ordinary Rule 60(b) motions." *Id.* The Court then decided to treat the motion as "subject for these purposes to the procedural rules applicable to habeas corpus relief." *Id.*

In *May v. Collins* and *Streetman v. Lynaugh*, the Court did not reach the issue of treatment of a Rule 60(b) motion as a successive § 2255 motion, instead finding that the district court correctly dismissed the motion under the Rule 60(b) abuse of discretion standard. *See May v. Collins*, 961 F.2d 74, 76 (5th Cir.) ("We find that the district court acted well within its discretion to deny the motion."), *cert. denied*, 504 U.S. 901 (1992); *Streetman v. Lynaugh*, 835 F.2d 1521 (5th Cir. 1988) ("[W]e conclude that Streetman has not made a substantial showing that the federal district court abused its discretion in denying his Rule 60(b) motion . . . ."). *May* and *Streetman* simply do not discuss the propriety of treating a Rule 60(b) motion as a successive § 2255 motion under appropriate circumstances.

Accordingly, we reaffirm this circuit's agreement with the majority of other circuits that courts may treat a Rule 60(b) motion in habeas corpus proceedings as a successive petition under § 2255. As the Eleventh Circuit recently noted, "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before [AEDPA] was enacted, and it is equally true, if not more so, under the new act." *Felker*, 101 F.3d at 661. Similarly, we recently noted in *Briddle* that "*McCleskey* may not be avoided by motions under FED. R. CIV. P. 60(b)." 63 F.3d at 376 (discussing intervening authority from *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), in which Supreme Court stated "[o]ur recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.").

Treating Rich's motion as a successive habeas petition, several barriers require us to affirm the district court's denial of his motion. As stated, a successive § 2255 motion requires certification by the court of appeals prior to filing. 28 U.S.C. §§ 2244, 2255. As the district

**5**

court noted, Rich has not complied with this requirement; therefore, the district court correctly dismissed Rich's petition.

Furthermore, even if we were to treat Rich's motion as an application to this Court for certification of a successive petition, § 2255 limits such certification to motions involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Rich's motion is not based on newly discovered evidence, but merely argues that the Supreme Court's decision in *Kyles* changed the law with regard to the government's obligation to disclose exculpatory evidence and that the magistrate judge, the district court, and the Fifth Circuit did not have the benefit of the *Kyles* opinion when they ruled on his initial § 2255 motion. Thus, certification depends on whether *Kyles* constitutes a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review.

We find that *Kyles* did not announce a new rule of constitutional law, and also that it was not previously unavailable, as required for certification under § 2255. We agree with the Eleventh Circuit that "*Kyles* does not announce a new constitutional rule, but simply articulates the proper interplay between the *Brecht* harmless-error standard and the Fifth and Sixth Amendment materiality standard." *Taylor v. Singletary*, 122 F.3d 1390, 1394 (11th Cir. 1997) (discussing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In *United States v. Bagley*, the Supreme Court held that favorable evidence is material, and constitutional error results from its suppression by the government regardless of whether the defendant requested it, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 473 U.S. 667, 682 (1985). In *Brecht v. Abrahamson*, the Supreme Court held that, in habeas

cases, a conviction may be set aside only if the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

*Kyles* drew the logical conclusion that a finding of materiality under *Bagley*, *i.e.*, a reasonable probability that the disclosure of the *Brady* material would have resulted in a different result, necessarily precludes a finding of harmless error under *Brecht*, *i.e.*, that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Kyles*, 514 U.S. at 436. According to the Supreme Court, "once there has been *Bagley* error . . . it cannot subsequently be found harmless under *Brecht*." *Id.* Finally, *Kyles* also reaffirmed that *Bagley* materiality depends upon the cumulative effect of the withheld evidence. *Id.* at 436-37.

The Supreme Court reversed, finding that the Fifth Circuit's opinion erroneously used the *Brecht* harmless error standard in the context of its materiality determination, and consisted of only "a series of independent materiality evaluations, rather than the cumulative evaluation required by *Bagley* . . . ." *Id.* at 441. *Kyles* clearly did not announce a new rule of constitutional law, but merely examined the facts and arguments presented in that case in light of existing Supreme Court precedent. Accordingly, even if we were to treat Rich's motion as an application for certification of a successive habeas petition, it would fail under the certification requirements of § 2255.[3]

### Conclusion

The district court did not abuse its discretion in treating Rich's motion as a successive

---

[3] Finally, we point out that the merits of Rich's Rule 60(b) motion are questionable at best. The Supreme Court decided *Kyles* on April 19, 1995, nearly two months before this Court, in affirming the district court's denial of Rich's § 2255 motion on June 7, 1995, held that the exculpatory information was not *Brady* material because Rich had already been privy to the information. Although Rich argues that he did not have a chance to supplement his arguments to this Court with the *Kyles* decision because the prison library had not yet received a copy when we affirmed the district court's denial of his § 2255 motion, that denial is clearly consistent with *Kyles*. Furthermore, we are bound by our earlier decision, which we handed down after *Kyles* and, therefore, with the benefit of the Supreme Court's clarification, in *Kyles*, of existing precedent regarding *Brady* claims.

motion under § 2255.  *See Edwards v. Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*) ("[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.").  Furthermore, the district court did not err in denying that motion for failure to satisfy the statutory requirements of AEDPA by seeking certification before this Court.  *See Dison v. Whitley*, 20 F.3d 185, 186 (5th Cir.1994) (stating that standard of review applicable to denials of requests for federal habeas corpus relief is clear error for findings of fact, and *de novo* for issues of law).  Finally, even if we were to treat Rich's motion as an application for certification, the application would fail because it is not based on either of the two statutorily mandated grounds for certification.  Accordingly, we AFFIRM the district court's actions in this case.

AFFIRMED.