# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3459

_____

Gary A. Ebeck,  * 
  * 
  Appellant,  *   Appeal from the United States
  *   District Court for the Western
  v.  *   District of Missouri.
  * 
United States of America,  *   [UNPUBLISHED]
  * 
  Appellee.  * 

_____

Submitted: November 16, 1999

Filed: November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Gary A. Ebeck received a 240-month sentence after pleading guilty to kidnapping and firearm charges. In June 1996, Ebeck filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which the district court denied on the merits. This court denied Ebeck's request for a certificate of appealability. In April 1997, Ebeck filed a second § 2255 motion, raising the same claims presented in his first motion and adding two new claims. The district court denied Ebeck's second motion because Ebeck failed to obtain the certification from this court required before filing a second § 2255 motion. This court again denied Ebeck's request for a certificate of

appealability. In May 1998, Ebeck filed a Federal Rule of Civil Procedure 60(b) motion, raising "claims previously stated in a § 2255 motion." (Ebeck's Reply Br. at 1). The district court construed the Rule 60(b) motion as a successive § 2255 motion and denied the motion, stating Ebeck did not receive the required certification from this court before filing his successive motion.

Ebeck appeals, contending the district court should not have treated his Rule 60(b) motion as a successive § 2255 motion. We disagree. A Rule 60(b) motion seeking relief from the denial of a § 2255 motion and raising claims of a postconviction relief nature, as Ebeck's does, should be construed as a successive § 2255 motion. See Guinan v. Delo, 5 F.3d 313, 316-17 (8th Cir. 1993); Blair v. Armontrout, 976 F.2d 1130, 1134 (8th Cir. 1992). A successive § 2255 motion requires certification by this court before filing, see 28 U.S.C. §§ 2244(b)(3)(A), 2255 (Supp. II 1996), and the district court properly denied Ebeck's motion because Ebeck did not comply with this requirement, see United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998), cert. denied, 119 S. Ct. 1156 (1999); Felker v. Turpin, 101 F.3d 657, 660-61 (11th Cir. 1996) (per curiam).

We thus affirm the district court's denial of Ebeck's Rule 60(b) motion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-