IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40365
USDC No. 1:98-CV-1669
_____

BURL LAMAR VARNER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
---------------------

November 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Burl Lamar Varner, Texas prisoner # 167890, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for relief from the denial of his 28 U.S.C. § 2254 habeas petition.  To obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).  Because the habeas petition was dismissed on limitations grounds, the petitioner must first make a credible showing that the district court erred.  Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).  When a district

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denies a COA on a nonconstitutional issue only, this court may grant a COA on the applicant's "credible showing" of district court error alone if the court has "any doubt about issuing a COA" as to the second prong. Whitehead v. Johnson, 157 F.3d 384, 386, 388 (5th Cir. 1998). The denial of Varner's motion, brought under FED. R. CIV. P. 60(b), is reviewed for abuse of discretion. United States v. Rich, 141 F.3d 550, 554 (5th Cir. 1998), cert. denied, 119 S. Ct. 1156 (1999).

Varner has made a credible showing that the district court abused its discretion in denying his Rule 60(b) motion. Varner's state habeas application was pending before the enactment date of the Antiterrorism and Effective Death Penalty Act (AEDPA) and was denied in August 1997. Under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled while a state habeas application is pending. Texas law requires that an application for habeas relief first be transferred to the trial court for findings of fact and to hold a hearing if factual findings are in dispute. TEX. CRIM. P. CODE ANN. art. 11.07 § 3 (West 1999). The Texas Court of Criminal Appeals then makes a final determination whether to grant relief. Tex. Crim. P. Code Ann. art. 11.07 § 5 (West 1999). Documents in the record show that Varner filed a habeas petition in the trial court on October 7, 1994, that the trial court transferred it to the Texas Court of Criminal Appeals on June 19, 1997, and that it was denied on August 13, 1997. Varner filed his federal petition in June 1998, within one year of the denial of state habeas relief by the Texas Court of Criminal Appeals. As a result of the tolling provisions of

§ 2244(d)(2), Varner's federal habeas petition was filed in a timely manner.

As a result, COA is GRANTED and the case is VACATED AND REMANDED for further proceedings in accordance with this opinion. This order does not preclude a finding that Varner's federal habeas petition, filed over 30 years after his conviction became final, is a "delayed petition" under Rule 9(a) of the Rules Governing Section 2254 Proceedings.

COA GRANTED; VACATED AND REMANDED.