# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-10216
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff -  Appellee,

versus

CYNTHIA MIZELL, a/k/a Cynthia Walker,

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CV-408-Y & 4:92-CR-128-A)

December 1, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cynthia Mizell, federal prisoner # 23825-077, appeals from the district court's dismissal of her "Motion to Correct Sentencing Judgment Pursuant to Rule 60(b)(6)."  Based on the issues Mizell sought to raise, the district court correctly construed Mizell's motion as a successive challenge to her sentence under 28 U.S.C. § 2255.  Mizell's Rule 60(b) motion was an obvious attempt to circumvent the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") prohibition against filing successive § 2255 motions.  "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions.  That was true before [AEDPA] was enacted, and it is equally true, if not more so, under the new act."  _United States v. Rich_, 141 F.3d 550, 553 (5th Cir. 1998) (alteration in original) (quoting _Felker v. Turpin_, 101 F.3d 657,  (11th Cir. 1996)).

---

[*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Because Mizell did not obtain this court's permission to file a successive § 2255 motion as required under § 2244(b)(3) and § 2255, the district court lacked jurisdiction over Mizell's successive § 2255 motion. Accordingly, this court lacks jurisdiction over Mizell's appeal, and her appeal is DISMISSED. Mizell's motion to compel this court to allow her to proceed on appeal without a certificate of appealability is DENIED.

APPEAL DISMISSED; MOTION DENIED.