**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-21048**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ZACHARY MALVEAUX,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-2519)
_____

June 15, 2000

Before JONES, and BENAVIDES, Circuit Judges and COBB[*], District Judge.

PER CURIAM:[**]

Petitioner Malveaux appeals the magistrate judge's denial of a Rule 60(b) motion he filed nine months after his § 2255 petition was denied. This court has held that Rule 60(b) motions in federal habeas cases may be treated as successive habeas

_____

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions.  <u>United States v. Rich</u>, 141 F.3d 550 (5th Cir. 1998).

Because of the unique circumstances surrounding this case, we

believe it is appropriate to treat Malveaux's motion as if it were

a successive habeas petition.  As such, the magistrate judge should

have dismissed the motion because Malveaux failed to secure leave

of this court to file a successive § 2255 motion, as required by

statute.  See <u>United States v. Rich, 141 F.3d at 553</u>.

Nevertheless, if we treat Malveaux's motion as an

application to this court for certification of a successive

petition, § 2255 severely limits such certification to motions

involving:

> (1)  Newly discovered evidence that, if proven
> and viewed in light of the evidence as a
> whole, would be sufficient to establish by
> clear and convincing evidence that no
> reasonable fact finder would have found the
> movant guilty of the offense; or (2) a new
> rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme
> Court, that was previously unavailable.

28 U.S.C. § 2255.  Malveaux's motion is not based on either of

these grounds, but merely re-argues the issues he raised in his

§ 2255 motion and asserts conclusionally that he was prejudiced

because he did not receive a copy of the government's motion for

summary judgment and was accordingly denied an opportunity to

respond.  The magistrate judge's opinion thoroughly reviewed each

of Malveaux's claims and found them meritless in a ten-page

memorandum opinion.  Moreover, Malveaux's brief does not explain

how he was prejudiced by his failure to respond and it identifies

no arguments he would have raised in opposition to the summary judgment motion.  Not only does Malveaux's argument fail to satisfy the standards for Rule 60(b) relief if that provision were available, but the criteria for Malveaux's proceeding with this motion when treated as a successive habeas petition are simply unfulfilled.

Motion for successive habeas relief <u>DENIED</u>.