IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-20998
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALVARO GALLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-89-CR-12-3
--------------------
June 28, 2001

Before GARWOOD, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[1]

Jose Alvaro Gallo, federal prisoner # 48384-079, argues that the district court erred in denying his motion for reconsideration of the district court's denial of his motion to correct his sentence in light of intervening case law and amendments to the sentencing guideline defining relevant conduct. Gallo also argues that the district court erred in denying his motion to supplement his motion for reconsideration based on the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999).

———————————

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4

Insofar as Gallo's motions for reconsideration challenge his conviction and sentence, the district court correctly construed them as successive 28 U.S.C. § 2255 motions. See United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). Because we are merely reviewing the district court's determination that it lacked jurisdiction to address the successive motions and not reviewing the merits of Gallo's underlying § 2255 claims, it is not necessary to remand the case to the district court for a ruling on Gallo's motion for a certificate of appealability (COA). See Trevino v. Johnson, 168 F.3d 173, 176-77 (5th Cir.) cert. denied, 527 U.S. 1056 (1999).

The district court properly dismissed Gallo's motions for lack of jurisdiction insofar as the motions sought relief pursuant to 28 U.S.C. § 2255 based on Gallo's failure to satisfy the certification requirements. See Rich, 141 F.3d at 551; 28 U.S.C. §§ 2244(b), 2255. Because the district court lacked jurisdiction over Gallo's § 2255 claims, this court lacks jurisdiction over the appeal. Thus, the appeal from the denial of the § 2255 claims is DISMISSED.

Insofar as Gallo's appeal may be construed as an application to this court for permission to file a successive motion, his request is DENIED. Gallo has failed to demonstrate that the intervening case law that he is relying upon announced new rules of constitutional law made retroactive to cases on collateral

review by the Supreme Court.  See In re: Tatum, 233 F.3d 857, 858-59 (5th Cir. 2000); 28 U.S.C. §§ 2244(b), 2255.[2]

Insofar as Gallo is seeking a reduction of his sentence pursuant to the provisions of 18 U.S.C. § 3582(c)(2), he is not entitled to relief because the amendments to U.S.S.G. § 1B1.3 that he is relying upon, amendments 439 and 503, have not been applied retroactively.  See U.S.S.G. § 1B1.10(c), p.s.; United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).  The district court's denial of Gallo's 18 U.S.C. § 3582(c)(2) motion is

AFFIRMED.

---

[2]We note in passing that Gallo was convicted of counts alleging that he conspired to possess cocaine with intent to distribute it and possessed cocaine with intent to distribute it. He was also convicted of money laundering.  He was sentenced to concurrent terms of 188 months' imprisonment and 60 months' supervised release on each of the three counts.  The sentence of 188 months did not exceed the 240 months statutory maximum applicable for the cocaine offenses even where quantity is not shown.  21 U.S.C. § 841(b)(1)(C).  See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000).  (The statutory maximum for the money laundering offense is likewise 240 months without regard to amounts.  18 U.S.C. § 1956(a)(1).  However, supervised release would likely be limited to 36 months unless 500 grams or more were involved in the cocaine amounts.  The total confinement and supervised release imposed (188 months' confinement plus 60 months' supervised release equals 248 months) is less than that imposable without any showing of quantity (240 months' confinement plus 36 months' supervised release equals 276 months).  We also observe that the indictment did allege that the conspiracy and possession were of "in excess of five kilograms of cocaine, a Schedule II narcotic controlled substance."