UNITED STATES of America

v.

**Ronald Jerome FISHER**

No. CR. 4:92–CR–010–Y, CIV. 4:03–CV–338–Y.

United States District Court, N.D. Texas, Fort Worth Division.

May 6, 2003.

Frederick Martin Schattman, US Attorney's Office, Fort Worth, TX, for U.S.

*ORDER DENYING APRIL 28 MOTION FOR MODIFICATION OF SENTENCE, AND ALTERNATIVELY CONSTRUING MOTION AS A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 AND DISMISSING MOTION SO CONSTRUED*

MEANS, District Judge.

■ Ronald Jerome Fisher initiated this action with what he labeled as a Motion for

Modification of an Imposed Term of Imprisonment pursuant to 18 U.S.C. § [sic](c)(1)(B). In the body of the motion, Fisher references § 3582, and the catch-all phrase that the Court may modify a term of imprisonment as otherwise "expressly permitted by statute," such that it appears Fisher seeks relief under 18 U.S.C. § 3582(c)(1)(B). Fisher claims that he is actually innocent of the aggravating factors that were considered to enhance his sentence. Relief is not available under § 3582(c)(1)(B) because Fisher does not cite a statute allowing for modification in the circumstances he claims.[1] As such, the motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(B) must be denied.

■ In the alternative, the Court determines that Fisher's motion is another successive effort to file a motion under 28 U.S.C. § 2255.[2] Fisher filed his first motion under 28 U.S.C. § 2255 in 1998, but it was dismissed with prejudice by an order entered on February 25, 1998. He then filed his first successive motion under 28 U.S.C. § 2255 in March 2001, and that motion was dismissed for failure to obtain authorization from the court of appeals. He then filed a motion for resentencing, which was also construed as a successive motion under § 2255 and dismissed.[3]

1. *See United States v. Johnigan,* Nos. 99–40061–01–SAC, 01–3234–SAC, 2002 WL 31928438, at *3 (D.Kan.2002) (§ 3582(c)(1)(B) requires defendant to cite some statute authorizing a modification).

2. *See generally United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998) (where the Court of Appeals for the Fifth Circuit recognized that "motions that federal prisoners purportedly bring under Federal Rule of Civil Procedure 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions; and noting that there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255"), *cert.*

*den'd,* 526 U.S. 1011, 119 S.Ct. 1156, 143 L.Ed.2d 221 (1999)(numerous citations omitted).

3. The Court takes judicial notice of its own records in this cause, *United States v. Fisher,* 4:92–CR–010–Y. The first motion was assigned civil number 4:98–CV–072–Y. Fisher also sought relief from the denial of § 2255 relief through a motion under Rule 60(b), and that motion was denied by an order entered on August 25, 1999. Fisher appealed and the Court of Appeals for the Fifth Circuit denied his application for a certificate of appealability in an order entered on the docket of this Court on August 23, 2000. Fisher's next motion under 28 U.S.C. § 2255 was assigned civil number 4:01–CV–493–Y, and that motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[4] These provisions require dismissal of a second or successive habeas proceeding unless specified conditions are met. The Supreme Court observed that the ADEPA "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."[5] Since Fisher's present motion was filed after the effective date of the AEDPA, this court is without jurisdiction to consider the motion unless leave to file the same is granted by the Fifth Circuit. As a result, the Court finds that Ronald Jerome Fisher's April 28, 2003, motion for modification, construed as seeking relief under § 2255, must be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255 and § 2244(b)(3)(A).

It is therefore ORDERED that defendant Ronald Jerome Fisher's April 28, 2003, motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(B) be, and is hereby, DENIED.

It is further ORDERED that to the extent Fisher's April 28, 2003, motion is alternatively construed as a motion under 28 U.S.C. § 2255, such motion under 28 U.S.C. § 2255, be, and is hereby, DISMISSED WITHOUT PREJUDICE to Fisher's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion.

---

was dismissed in June 2001. The motion for resentencing, construed as another successive motion under § 2255, was assigned civil number 4:01–CV–803–Y, and that motion was dismissed in October 2001. Although Fisher sought a certificate of appealability, the court of appeals denied that request in an order entered on this Court's docket on April 19, 2002.

**4.** *See* 28 U.S.C.A. § 2255 (West Supp.2003); *see also* 28 U.S.C.A. § 2244(b)(3)(A) (West Supp.2003).

**5.** *Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).