United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10922
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JERRY MACK DORROUGH,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:63-CR-125-ALL-K
---------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     In 1963, Jerry Mack Dorrough pleaded guilty to robbery of a postal employee and putting the life of a postal employee in jeopardy during a robbery in violation of 18 U.S.C. § 2114. After being released on parole in November 1978, he fled and eluded authorities until his arrest in May 1999; he is currently serving his parole. Dorrough appeals the district court's denial of his motion to correct or reduce his sentence pursuant to FED. R. CRIM. P. 35. Dorrough argues that his guilty plea was invalid

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the trial court did not advise him of the existence of a lesser included offense. Because Dorrough's claim is actually a challenge to his conviction, the district court did not abuse its discretion in holding that Dorrough's challenge to his guilty plea was not properly raised under Rule 35. See United States v. Prestenbach, 230 F.3d 780, 782 (5th Cir. 2000)("Under Rule 35(a), a defendant cannot challenge his conviction; he can only challenge his sentence."). Even if the motion were construed as a 28 U.S.C. § 2255 motion, the district court did not err in determining that it should be dismissed because the motion would be successive, and Dorrough did not show that he had obtained authorization to file a successive 28 U.S.C. § 2255 motion. See United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998).

AFFIRMED.