United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-30402
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONZO MASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:00-CR-30019-1
_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

Alfonzo Mason, federal prisoner # 10614-035, was indicted for possession with intent to distribute cocaine base, distribution of cocaine base, and conspiracy. After his initial conviction was vacated and remanded, and the case dismissed without prejudice on a Speedy Trial Act violation, Mason plead guilty after being re-indicted and was sentenced on March 24,

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

2003, to 151 month's imprisonment.  He then proceeded to file a habeas corpus application under 28 U.S.C. § 2255 which was denied by the district court on March 19, 2004.[1]  On March 29, 2004, Mason filed a motion to dismiss the indictment which was denied by the district court.  The present appeal ensued.

In his motion, Mason challenged the indictment that was returned by the grand jury in the initial proceeding that was dismissed on a Speedy Trial Act violation.  Because that criminal proceeding was no longer pending at the time Mason's motion was filed, his motion was unauthorized and without a jurisdictional basis.[2]  In effect, Mason "appealed from the denial of a meaningless, unauthorized motion."[3]

Even if Mason's motion had challenged the indictment in his second conviction, we would lack jurisdiction over this appeal. Mason failed to appeal his second conviction, opting instead to file a habeas application.  Mason's motion filed after the denial of his habeas application would properly be treated as a successive habeas application under 28 U.S.C. § 2255, requiring certification by this court prior to filing.[4]  Mason obtained no

---

[1]This court subsequently denied Mason's certificate of appealability on August 17, 2004.

[2]*See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

[3]Id.

[4]*See United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998)(treating a motion filed subsequent to a habeas proceeding as a successive habeas petition under § 2255).

such certification; therefore the district court would have been required to dismiss Mason's motion for lack of jurisdiction.[5]

Accordingly, the district court's judgment is AFFIRMED. Mason's motion for the appointment of appellate counsel is DENIED as moot.

---

[5]*See* 28 U.S.C. § 2244(b)(3)(A).