**F I L E D**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**December 13, 2005**

TENH CIRCUIT

ROBERT L. RICH,

      Petitioner - Appellant,

v.

T. C. PETERSON, Warden,

      Respondent - Appellee.

No. 05-6171
(D.C. No. CIV-05-65-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Appellant Robert L. Rich, a federal inmate appearing *pro se*, seeks leave to

proceed *in forma pauperis* in appealing the denial of his 28 U.S.C. § 2241 habeas

petition. Because Mr. Rich has failed to present a "reasoned, nonfrivolous

argument on the law and facts" in support of the issue he raises on appeal,

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we deny his motion to proceed *in forma pauperis* and dismiss this appeal.

## I. Background

In 1989, Mr. Rich was convicted in the United States District Court for the Eastern District of Louisiana of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. Mr. Rich unsuccessfully sought relief under 28 U.S.C. § 2255, and the Fifth Circuit denied his requests to file successive § 2255 motions. See United States v. Rich, 141 F.3d 550, 550–51 (5th Cir. 1998).

Mr. Rich then filed a petition pursuant to 28 U.S.C. § 2241 in the Western District of Oklahoma, where he is incarcerated. The petition alleges that during his trial the prosecution failed to disclose exculpatory evidence and knowingly used perjured testimony, and that there was a variance between the indictment and the facts on which the jury based its verdict. The district court accepted a magistrate judge's determination that relief was unavailable under § 2241 and recommendation that the action be dismissed.

On appeal, Mr. Rich contends that the district court's decision both failed to enforce the plain language of §§ 2255 and 2241 and applied those sections so as to "work[] an unconstitutional suspension of the writ of habeas corpus." He

asks that we vacate the decision of the district court and remand for a hearing on the merits.

## II. Discussion

Reviewing *de novo* the district court's denial of Mr. Rich's habeas petition, we agree that he is not entitled to relief under § 2241. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Generally, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity," whereas "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." Id. Here, Mr. Rich's arguments are challenges to the validity of his sentence, which he may only make under § 2241 if he meets his burden of showing that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Bradshaw, 86 F.3d at 167.

Mr. Rich fails to meet his burden. His only claim is that § 2255 is inadequate because he cannot file a § 2255 motion without prior authorization from the Fifth Circuit, which has "already denied Petitioner the authorization to file such a motion." However, we have clearly held that a habeas petitioner's inability to obtain leave to file a second or successive § 2255 petition does not make that remedy inadequate or ineffective. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) ("The mere fact that [a habeas petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is

inadequate."). Therefore, Mr. Rich has not met his burden and is not entitled to proceed under § 2241.

Mr. Rich also argues that the district court's decision "effectively suspends the writ of habeas corpus" in violation of the Constitution. See U.S. Const. art. I, § 9, cl. 2. This argument also fails. Section 2255's limitation on second or successive habeas petitions does not violate the Suspension Clause. Felker v. Turpin, 518 U.S. 651, 664 (1996). Moreover, "the substitution of a collateral remedy [such as § 2255] which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Because Mr. Rich has not shown that the remedy of § 2255 is inadequate or ineffective, we reject his suspension argument.

## III. Conclusion

Mr. Rich has failed to present a "reasoned, nonfrivolous argument" in support of his contention that his § 2255 remedy is inadequate or ineffective. See DeBardeleben, 937 F.2d at 505. We therefore DENY his motion to proceed in forma pauperis and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 4 -