United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30864
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE ALLEN BOUNDS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:88-CR-50038-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joe Allen Bounds, federal prisoner 18363-077, seeks our authorization to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his FED. R. CIV. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 motion. He argues that the district court erred in construing his as a successive § 2255 motion because he only challenged a defect in the integrity of his 1996 post-conviction proceedings. The district court also determined that Bounds's motion was untimely, and he contests that finding as well. Bounds also challenges the district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's denial of motions to unseal and produce documents pertaining to a Rule 35 motion filed by the government in the case of Bounds's co-defendant, and he has filed a motion to include in the appellate record documents pertaining to that Rule 35 motion. Bounds further complains that the district court failed to conduct an evidentiary hearing.

Bounds's Rule 60(b) motion asserted the same claims raised in a previous § 2255 motion. As such, the district court properly construed his Rule 60(b) motion as a successive § 2255 motion. See United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998); Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005). The district court was without jurisdiction to consider a successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3)(A), 2255; United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, it is unnecessary to address the district court's finding that Bounds's motion was untimely filed or the court's denial of his motions to produce documents and conduct an evidentiary hearing.

As Bounds has not demonstrated a nonfrivolous issue for appeal, he may not proceed IFP. See FED. R. APP. P. 24(a). His appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2; see also Baugh v. Taylor, 117 F.3d 197, 201-02 (5th Cir. 1997). His motion for the designation of the record on appeal is denied as well. Bounds is warned that future frivolous filings in this court or in the district court, or the future prosecution of

2

frivolous actions or appeals, will invite the imposition of sanctions, including monetary penalties and restrictions of his ability to file actions and appeals.

ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.