# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 07-10111
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER ALEXANDER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-60-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christopher Alexander, federal prisoner # 25906-177, appeals the district court's denial of his FED. R. CIV. P. 60(b)(4) motion for relief from the 2002 judgment convicting him of and sentencing him for drug offenses. He argues that his Rule 60(b)(4) motion was proper because he was raising a jurisdictional challenge to his conviction. He also argues that the current federal habeas statutes were never properly enacted into law and that the district court should

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore have construed his postconviction motion as one pursuant to former federal habeas statute, 28 U.S.C. § 451 (1940).

Rule 60(b) provides relief from judgment in civil cases, not in criminal cases. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). Accordingly, the district court did not err in denying Alexander's Rule 60(b) motion. Moreover, to the extent that Alexander's Rule 60(b) motion was a successive 28 U.S.C. § 2255 motion, the district court correctly found that Alexander had not obtained the requisite authorization to file a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 529-31 (2005); United States v. Rich, 141 F.3d 550, 551-53 (5th Cir. 1998); Fierro v. Johnson, 197 F.3d 147, 151 (5th Cir. 1999); 28 U.S.C. §§ 2244(b)(3)(A), 2255. Finally, Alexander provides no support for his argument that his motion could have been brought under a now-repealed federal habeas statute. Accordingly, the district court's judgment is AFFIRMED.