# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

No. 08-10986
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HUBBARD BELL, JR., also known as Hub,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:88-CR-99-10

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Hubbard Bell, federal prisoner # 18370-077, filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he sought a two-level reduction in his offense level based on Amendment 706 to the crack cocaine Guidelines. Bell appeals the district court's denial of that motion.

Although the district court's decision whether to reduce a sentence ordinarily is reviewed for an abuse of discretion, a court's interpretation of the Guidelines is reviewed de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Cir. 2009). Because the district court's denial of Bell's motion was based on its determination that it could not reduce Bell's sentence due to his career offender status under the Guidelines, review is de novo. *See id.*

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Sentence reductions under § 3582 are thus "governed" by the policy statements of the Guidelines. *Doublin*, 572 F.3d at 237.

Bell's guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career offender status. The district court was thus correct in concluding that a reduction was not permitted under § 3582(c)(2). *See* § 3582(c)(2). Bell's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in a [] § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation marks and citation omitted).

The district court also did not err in declining to reopen Bell's original 28 U.S.C. § 2255 proceeding under Fed. R. Civ. P. 60(b)(6) to allow him to litigate his claim that he was improperly sentenced as a career offender. A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law. *See Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005) (§ 2254 case); *see also United States v. Rich*, 141 F.3d 550, 551-53 (5th Cir. 1998) (noting that federal prisoner's Rule 60(b) motion, which raised for the first time a theory of relief

based on the assertion that a Supreme Court decision changed the law, should be construed as a successive § 2255 motion).

AFFIRMED.