# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2010

Lyle W. Cayce
Clerk

No. 09-31192
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER MICHAEL BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CR-10012-2

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Brown, federal prisoner # 10980-035, was convicted by a jury of various offenses relating to a drug distribution conspiracy. He was sentenced to concurrent terms of life in prison on the conspiracy count and 40 years on distribution charges. In addition, the court imposed a $250,000 fine. We affirmed his conviction on direct appeal, and Brown unsuccessfully sought relief via a 28 U.S.C. § 2255 motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown then filed a motion seeking modification of his fine, arguing that the district court erred by imposing the fine without considering certain factors, such as his ability to pay, the effect on his dependents, and the length of the sentence. The court dismissed the motion, and Brown now appeals.

Brown's reliance on various provisions of Rule 60 of the Federal Rules of Civil Procedure is unavailing. To the extent that he challenges the underlying criminal judgment, Rule 60 cannot provide relief because it applies only to civil proceedings. To the extent that Brown's motion may be deemed as challenging the result of his prior 28 U.S.C. § 2255 proceeding, it is successive. *See United States v. Rich,* 141 F.3d 550, 551-53 (5th Cir. 1998). Brown has not obtained authorization to file such a motion, which we would deny because his claims do not satisfy the standard for a successive motion. 28 U.S.C. § 2255(h). Even if the claims were not successive, Brown could not raise them via 28 U.S.C. § 2255 or 28 U.S.C. § 2241, because they could have been raised on direct appeal and because a fine does not satisfy the "in custody" requirement for such collateral relief. *See United States v. Segler*, 37 F.3d 1131, 1135-37 (5th Cir. 1994).

The motion likewise does not qualify as a writ of coram nobis, *see United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998), or a writ of audita querela, *see United States v. Miller*, 599 F.3d 484, 489 (5th Cir. 2010). Further, Brown's motion does not fall under the fine and sentence modification provisions of 18 U.S.C. § 3573 or Rule 35(b) of the Federal Rules of Criminal Procedure, which, by their plain language, provide relief only on petition or motion by the Government. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994) ("[O]nly the Government can file a motion for reduction of a defendant's sentence" under Rule 35(b).). Rule 52(b), cited by Brown in his motion, merely sets forth the plain error standard; it provides no procedural mechanism for relief.

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Brown's motion.