**Paul D. LONG**

v.

**HOUSTON LIGHTING & POWER COMPANY and Philadelphia American Life Insurance Company.**

Civ. A. No. G–95–070.

United States District Court, S.D. Texas, Galveston Division.

Oct. 18, 1995.

William E. King, Kemah, TX, for plaintiff.

L. Chapman Smith, Baker & Botts, Houston, TX, and Yasmin Islam, Winstead Sechrest & Minick, P.C., Houston, TX, for defendants.

### ORDER AWARDING ATTORNEYS' FEES

KENT, District Judge.

Pending before Court is the Plaintiff's Motion for Summary Judgment Regarding Attorneys Fees and Costs. For the reasons set forth below, the Plaintiff's Motion is **GRANTED,** and the Court **AWARDS** to the Plaintiff attorneys' fees and costs as set forth below.

This case involves the termination of disability benefits under a long-term disability plan (the Plan) governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). The Plaintiff, an employee of Defendant Houston Lighting & Power (HL & P), was placed on long-term disability leave and awarded disability benefits under the Plan. The Plan is administered by a third-party administrator, Paul Revere Life Insurance Company (Revere). Revere makes the decisions on claims presented under the Plan, and submits information regarding its decision to HL & P's Health Services department, which in turn submits Revere's recommendation to HL & P's Benefits Committee for approval. The Plan provides that a participant can appeal a claim denial by sending a written request for reconsideration. If an appeal is filed, the Health Services department conducts an investigation and reviews the decision made by Revere; otherwise, the Health Services department does not review or overrule Revere's recommendations.

Under the terms of the Plan as amended, benefits terminate if the participant "ceases to be under the regular care of a health care provider appropriate to the disabling condition." On November 22, 1994, HL & P terminated the Plaintiff's benefits after the Plaintiff allegedly informed a representative of Revere over the telephone that he had not seen a doctor in approximately two years. The Plaintiff denies ever making this statement.

At the time the Plaintiff's benefits were terminated, Revere or HL & P had in its files medical reports showing that the Plaintiff had been treated by physicians in 1992 and 1993. Moreover, in 1993, HL & P requested the Plaintiff be examined by an independent physician, who submitted a report dated September 28, 1993 which stated that the Plaintiff was totally and permanently disabled. A printout from HL & P's computer system shows that HL & P knew that the Plaintiff had been seen by his regular doctor in September 1993.

Upon learning of the termination, the Plaintiff contacted an attorney. On December 29, 1994, the Plaintiff's attorney sent HL & P a letter giving notice of the Plaintiff's claim under various state statutes, and threatening to sue if the matter was not resolved. On January 17, 1995, the Plaintiff

filed suit against the Defendants in state court. The Defendants thereafter removed the case to this Court. During the course of discovery, HL & P informed the Plaintiff it did not consider the December 29 letter to constitute an appeal of the benefits termination. On March 30, 1995, the Plaintiff sent another letter specifically appealing the decision to terminate the Plaintiff's benefits. On April 3, 1995, HL & P retroactively reinstated the Plaintiff's benefits. Thus, the question of attorneys' fees is the only issue remaining in this case.

ERISA allows a court in its discretion to award reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(1). However, there is no presumption in favor of awarding fees and costs. *Todd v. AIG Life Ins. Co.,* 47 F.3d 1448 (5th Cir.1995); *Harms v. Cavenham Forest Indus., Inc.,* 984 F.2d 686 (5th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 382, 126 L.Ed.2d 331 (1993). When determining whether to award fees, the court should consider (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting the award sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question involving ERISA itself; and (5) the relative merits of the parties' positions. *Todd,* 47 F.3d at 1458.

As a threshold matter, the Defendants contend an award of attorneys' fees is improper because the Plaintiff is not a "prevailing party." The Defendants contend the Plaintiff's benefits were reinstated as a result of the Plaintiff's belated appeal of the decision to terminate, not as a result of the lawsuit. Therefore, according to the Defendants, the Plaintiff cannot be considered a prevailing party because the lawsuit was not "the cause in fact of the resumption of [the Plaintiff's benefits]." (Response to Summary Judgment Motion at p. 3).

The Court disagrees. A party is a "prevailing party" if he succeeds on any significant issue in litigation which achieves some of the benefits sought by the party in the lawsuit. *Farrar v. Hobby,* 506 U.S. 103, —, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992). A prevailing party must be able to point to a resolution of a dispute which changes the legal relationship between the parties. Whatever relief secured by the plaintiff must directly benefit the plaintiff at the time of the judgment or settlement. *Id.,* 113 S.Ct. at 572–73.

Here, the Plaintiff succeeded on the merits of his ERISA claim through the reinstating of his benefits, which changed the legal relationship between the parties, and directly benefitted the Plaintiff. Clearly, the lawsuit contributed to the resolution of the Plaintiff's claims. Without the lawsuit, HL & P would not have been forced to reassess its decision to terminate the Plaintiff's disability benefits. Thus, the bringing of the lawsuit was a "but for" cause of the reinstating of the Plaintiff's benefits, and the Plaintiff, therefore, is a prevailing party.

The Defendants further contend the Plaintiff is not entitled to attorneys' fees because he failed to exhaust his administrative remedies. According to the Defendants, if the Plaintiff had appealed the termination of his benefits as provided for in the Plan, no litigation would have been necessary and no attorneys' fees would have been incurred.

ERISA itself contains no exhaustion requirement. However, to further the policies behind ERISA, courts have generally required a plaintiff to exhaust his administrative remedies under the plan before seeking judicial review. *See, e.g., Denton v. First Nat'l Bank,* 765 F.2d 1295 (5th Cir.1985). In this case, the Court concludes the Plaintiff's December 1994 letter satisfied the exhaustion requirement. While the letter did not specifically state it was an appeal of the termination decision, it brought the issue to the attention of the Defendants and informed the Defendants of the Plaintiff's dissatisfaction with the decision. The letter informed the Defendants that the Plaintiff remained disabled, and reminded them of the independent medical evaluation of the Plaintiff requested by HL & P in 1993. Thus, the letter presented the Defendants with the informa-

tion needed to re-evaluate the decision to terminate the Plaintiff's benefits, and therefore served precisely the same purposes as would a more formal appeal. For the Court to find that the exhaustion requirement is satisfied only by documents containing certain magic language would elevate form over substance, and would be particularly inequitable in this case, where the Plan itself does not set forth a particular format for an appeal. Therefore, the Court concludes that the Plaintiff, through the December 1994 letter, sufficiently pursued the administrative remedies set forth in the Plan. *See Ritzer v. National Org. of Indus. Trade Unions Ins. Trust Fund,* 807 F.Supp. 257, 260 (E.D.N.Y. 1992) (plaintiff exhausted his remedies under the benefits plan through letter sent by plaintiff's attorney seeking review of benefits denial); *see also Ring v. Confederation Life Ins. Co.,* 751 F.Supp. 296 (D.Mass.1990); *McRae v. Seafarers' Welfare Plan,* 726 F.Supp. 817, 820 (S.D.Ala.1989), *rev'd in part on other grounds,* 920 F.2d 819 (11th Cir. 1991); *Keel v. Group Hospitalization Medical Servs., Inc.,* 695 F.Supp. 223 (E.D.Va. 1988); *cf. Powell v. AT & T Communications, Inc.,* 938 F.2d 823 (7th Cir.1991) (where letter from plaintiff's attorney questioned the legality of the plaintiff's termination from employment and also inquired into the "availability of any other forms of disability benefits," letter was not a sufficient request for review and therefore did not satisfy exhaustion requirement). Accordingly, the Plaintiff's claim for attorneys' fees is properly before this Court.

■ The Plaintiff contends that an award of attorneys' fees is appropriate in this case. According to the Plaintiff, the Defendants acted egregiously by terminating his benefits without even attempting to confirm the statement allegedly made to Revere that the Plaintiff was not under the care of a doctor, particularly when records contained in the Defendants' own files would have shown the statement to be untrue. The Plaintiff further argues that a fee award would serve as a deterrent, and would force the HL & P to institute better controls and procedures in reviewing decisions made by the third-party administrator, thereby benefitting all Plan participants.

The Court appreciates the excellent research and arguments presented by the Defendants' counsel, which, as always, have illuminated the issues to be decided by the Court. Nonetheless, after carefully considering the appropriate factors, the Court agrees with the Plaintiff's evaluation of the Defendants' conduct, and concludes that an award of attorneys' fees is proper in this case. The Defendants wrongfully terminated the Plaintiff's benefits based on information that could easily have been disproved by a cursory examination of the records contained in the Defendants' own files. The Court believes an award of attorneys' fees will send a message to HL & P that the insurance and benefits decisions it makes have an extreme and profound impact on the lives of its employees, and, therefore, should be carefully and thoughtfully made. Given ERISA's broad preemptive reach, an award of attorneys' fees remains the Plaintiff's only effective weapon against an indifferent employer.

In an ERISA action, the amount of attorneys' fees to be awarded is calculated by multiplying the number of hours expended by a reasonable hourly rate. *See Todd,* 47 F.3d at 1459; *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir. 1992). In this case, counsel for the Plaintiff has submitted an affidavit showing 15.20 hours billed at $200.00 per hour, 23.75 hours for an associate billed at $75.00 per hour, for total fees of approximately $4,800.00, plus costs of approximately $1,000.00. In addition, counsel for the Plaintiff requests $2,000.00 for the estimated fees and costs associated with this Motion.

After reviewing the information provided by the Plaintiff, the Court concludes the amount sought by the Plaintiff is unreasonable, particularly the amount sought in connection with this Motion. Although HL & P's conduct was egregious, the case involved only a straightforward termination of benefits claim. Both the hours expended on the matter and hourly rate requested are unreasonable given the relative simplicity of the case. Therefore, applying reasonable rates to the number of hours which reasonably should have been devoted to the matters

134

actually at issue in the case, the Court hereby awards the Plaintiff $3,500.00 in attorneys' fees and costs. This amount includes a flat fee of $250.00 for the costs associated with this Motion.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this day, the Court hereby **GRANTS** the Plaintiff's Motion for Summary Judgment Regarding Attorneys Fees and Costs, and hereby **AWARDS** to the Plaintiff attorneys' fees and costs in the amount of $3,500.00.

THIS IS A FINAL JUDGMENT.

**IT IS SO ORDERED.**