Revised March 5, 1999

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10304

Summary Calendar
_____

TANIS S HAGER,

Plaintiff-Appellant,

v.

NATIONSBANK NA, A National Banking Association and as Trustee of
the Nationsbank Pension Plan; NATIONSBANK OF TEXAS, NA;
NATIONSBANK CORPORATION PENSION PLAN; NATIONSBANK CORPORATION, as
Administrator of the Nationsbank Corporation Pension Plan;
NATIONSBANK OF NORTH CAROLINA, as Trustee of Nationsbank
Corporation Pension Plan,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
February 24, 1999
Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:

Tanis Hager brought suit for benefits to which she contends

she was entitled under the terms of her early retirement plan.

The district court dismissed her claims for failing to exhaust

administrative remedies, relying on Hager's alleged failure to

present additional information in support of her claim to the

same committee that denied the appeal of her claim. Hager appeals, arguing that she had no additional information to submit and that she had exhausted her intra-plan administrative remedies by filing a claim and then appealing the denial of that claim. We agree, and therefore reverse the district court's dismissal of Hager's claims and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

NationsBank, N.A. (NationsBank) offered Tanis Hager, an employee of twenty-two years, the option of taking an early retirement. Hager alleges that she took early retirement in reliance on a January 30, 1996 memorandum (the January Memorandum), in which NationsBank stated that, if she retired early, she would receive a retirement benefit of $1122.59 per month payable beginning the first month after her retirement date of March 31, 1996. After Hager retired, NationsBank sent her a Summary of Plan Benefits memorandum (the Summary Memorandum) indicating that the benefits payable to Hager with an immediate payment date would be only $621.90 per month.

Hager filed this action on July 17, 1997, asserting claims based on the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, and pendent state law claims against the appellees (collectively referred to as NationsBank). Under ERISA, Hager claimed that she was entitled to recover denied benefits, that she was entitled to a clarification of her benefits, and that NationsBank breached its fiduciary duty to

2

her.  Her state law claims included claims based on breach of contract, breach of good faith and fair dealing, breach of fiduciary duty, promissory estoppel, and misrepresentation.  On October 20, 1997, NationsBank filed a motion to dismiss, arguing that Hager's state law claims were preempted by ERISA and that her ERISA claims should be dismissed because she failed to exhaust her intra-plan administrative remedies.  On February 9, 1998, the district court dismissed each of Hager's claims against NationsBank.  Hager timely appealed, arguing that the district court erred in dismissing her ERISA claims.  Hager does not appeal the district court's dismissal of her state law claims.

## II.  DISCUSSION

NationsBank argued to the district court that Hager's ERISA claims should be dismissed under either Rule 12(b)(1), for lack of subject matter jurisdiction, or alternatively under Rule 12(b)(6), for failure to state a claim.  NationsBank premised its motion to dismiss on its contention, supported by an affidavit attached to its motion, that Hager failed to exhaust her administrative remedies before filing suit.  The district court explicitly relied on NationsBank's affidavit, as well as on documents attached to Hager's complaint, in its opinion dismissing Hager's claims for failing to exhaust, thus converting the 12(b)(6) motion into a 12(c) motion.  See FED. R. CIV. P. 12(c); Gutierrez v. City of San Antonio, 139 F.3d 441, 444 n.1 (5th Cir. 1998).  We therefore view the district court's order

3

dismissing Hager's claims as either an order dismissing for lack of subject matter jurisdiction or as a grant of summary judgment to NationsBank.[1]  See Gutierrez, 139 F.3d at 444 n.1; Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).

We review dismissals for lack of subject matter jurisdiction and grants of summary judgment de novo.  See John G. & Marie Stella Kenedy Mem'l Found. v. Mauro, 21 F.3d 667, 670 (5th Cir. 1994) (stating that review of dismissal under Rule 12(b)(1) is de novo); Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994) (stating that review of grant of summary judgment is de novo). We can affirm the district court's dismissal of Hager's claims if dismissal was appropriate on either ground.  See United States v. Real Property Located at 14301 Gateway Boulevard West, 123 F.3d 312, 313 (5th Cir. 1997) (stating that "we will not reverse a judgment of the district court if it can be affirmed on any ground, regardless of whether the district court articulated the ground"); see also Trauma Serv. Group v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997) (stating that where district court

---

[1] Where a district court grants a motion styled as a motion to dismiss, but bases its ruling on facts outside the complaint, the non-moving party is entitled to the procedural safeguards of Rule 56.  See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  Here, the district court complied with these safeguards.  Hager received notice that the court could view NationsBank's motion as one for summary judgment on October 20, 1997, when NationsBank filed its motion with attached affidavit, and the district court did not rule on the motion for over two months.  See id.; Isquith v. Middle South Utils., Inc., 847 F.2d 186, 195-96 (5th Cir. 1988).

4

based its decision on both lack of subject matter jurisdiction and failure to state a claim, it "need only find sufficient justification for one of these grounds").

The district court's dismissal of Hager's ERISA claims for failing to exhaust administrative remedies would not have been proper under either Rule 12(b)(1) or Rule 56. It is true that a plaintiff generally must exhaust all administrative remedies afforded by her plan before filing an ERISA claim in federal court. See Hall v. National Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997); Medina v. Anthem Life Ins. Co., 983 F.2d 29, 33 (5th Cir. 1993). However, our review of the record leads us to conclude that the district court erred in determining that Hager failed to exhaust her intra-plan administrative remedies before filing suit.[2]

Hager received the Summary Memorandum from NationsBank, outlining her benefits under her early retirement plan, in August 1996. Hager promptly made a demand for review of the benefits determination, claiming that the amount of benefits stated in the Summary Memorandum understated the amount NationsBank originally informed her she would receive in the January Memorandum. In support of her claim, Hager sent NationsBank a copy of the January Memorandum, as well as a letter stating that she had relied on the January Memorandum in deciding to accept early

---

[2] Neither party introduced a copy of NationsBank's ERISA Plan or a Summary Plan Description of NationsBank's Plan.

5

retirement.

On August 26, 1996, NationsBank sent Hager a letter denying her claim (the Claim Denial Letter).  The Claim Denial Letter stated that the benefits figures in the January Memorandum were "in error," that the figures were only an "estimate," and that the benefits amounts in the Summary Memorandum were accurate.  In addition, the Claim Denial Letter outlined the process by which Hager could appeal the denial of her claim.  Specifically, the Claim Denial Letter stated:

> We are unable to resolve this issue to your satisfaction.  The standard administrative process has been exhausted.

> If you wish to take further action on this matter, your next step is to file a formal claim with the Benefits Appeals Committee and appeal under ERISA regulations.

On September 25, 1996, Hager sent a letter to NationsBank requesting a review of the denial of her claim, and, on October 23, 1996, Hager sent a formal letter of appeal to NationsBank, arguing again that the amount of benefits reflected in the Summary Memorandum was incorrect in light of the January Memorandum.  Hager offered the same two documents in support of her appeal; she included with her appeal copies of both the January Memorandum and the letter she had written stating that she had relied on the higher benefits amount in deciding to retire early.

The Benefits Appeals Committee denied Hager's appeal on January 23, 1997.  In the letter Hager's attorney received

6

denying the appeal (the Appeal Denial Letter), the Benefits Appeals Committee stated that the level of benefits outlined in the January Memorandum "exceed the benefits actually due under the terms of the Plan" and that her claim for "additional benefits" was therefore denied. At the end of the Appeal Denial Letter, the Benefits Appeals Committee included the following paragraph:

> If Ms. Hager has any additional information to support her claim, she may file an appeal to the Committee for further review. Attached is an appeals form. Any appeal must be submitted within 90 days of the receipt of this letter and should provide documentation to support her position. If you need any additional information from us to assist you in preparation of any appeal, please let us know.

The district court relied on this paragraph in the Appeal Denial Letter in determining that Hager had failed to exhaust her administrative remedies, stating that because Hager did not file an additional appeal with the Benefits Appeals Committee, she had not exhausted her administrative remedies.

We disagree with the district court's characterization of the "appeal" offered by NationsBank in the Appeal Denial Letter. The purpose of this review was only to consider any <u>additional</u> evidence or documentation Hager had in support of her claim. Hager had no additional evidence or documentation in connection with her benefits claim. Her claim rests solely on the January Memorandum and the accompanying letter indicating her reliance on the January Memorandum, which she presented initially in support

7

of her claim, again in support of the appeal of her claim, and lastly in support of her ERISA claim in federal court. The "appeal" offered in the Appeal Denial Letter would not have provided the Benefits Appeals Committee an opportunity to reconsider its conclusion that the January Memorandum was not a binding determination of her early retirement benefits. Hager therefore exhausted her administrative remedies before filing suit by filing a claim and then appealing the denial of that claim to the Benefits Appeals Committee. Cf. Smith v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal., 857 F.2d 587, 591-92 (9th Cir. 1988) (stating that plaintiff had exhausted administrative remedies and was not required to request reconsideration of denial of claim, where plaintiff had presented most, but not all, evidence presented to district court in administrative appeals); Long v. Houston Lighting & Power Co., 902 F. Supp. 130, 132 (S.D. Tex. 1995) (finding that plaintiff had exhausted administrative remedies by filing claim and later sending letter to plan administrators indicating plaintiff's dissatisfaction with denial of claim). The district court therefore erred in dismissing Hager's claims for failing to exhaust administrative remedies.[3]

_____

[3] Even had Hager failed to exhaust her administrative remedies, dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction would have been improper. Exhaustion of administrative remedies is not a prerequisite to a federal court's jurisdiction. See Chailland v. Brown & Root, Inc., 45 F.3d 947, 950 n.6 (5th Cir. 1995); Painter v. Golden Rule Ins.

8

III.  CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

---

Co., 121 F.3d 436, 441 (8th Cir. 1997), cert. denied, 118 S. Ct. 1516 (1998).

9