UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10679
_____

CINDY HILL,

Plaintiff-Appellant,

v.

RESEARCH INSTITUTE OF AMERICA GROUP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
Docket No. 5:98-CV-44-C

_____

February 4, 2000

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cindy Hill ("Hill") appeals the district court's dismissal of her suit against Defendant-Appellee Research Institute of America Group ("RIAG"). For the reasons stated below, we AFFIRM.

Hill was employed as a salesperson by RIAG. She lived in Lubbock, Texas, and covered the west Texas sales area for RIAG. Hill alleges that RIAG violated the Family and Medical Leave Act ("FMLA"), see 29 U.S.C. §§ 2601-2654, when it denied her leave to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

care for herself and her sick husband, and when it terminated her employment. Hill relied on the FMLA to form the basis of the district court's jurisdiction. See 29 U.S.C. § 2617(a)(2). RIAG moved for dismissal under Fed. R. Civ. P. 12(b)(1), claiming that the district court did not have jurisdiction to hear Hill's complaint because she was not an "eligible employee" within the definition of the FMLA. The district court agreed and dismissed Hill's complaint without prejudice. Hill timely appeals.

When a defendant's motion for dismissal is based upon a lack of jurisdiction, the burden lies with the party invoking the court's jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). Therefore, Hill bears the burden of showing that jurisdiction does exist. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). Because RIAG attacks the factual base upon which jurisdiction is predicated, i.e., that Hill is an eligible employee under the FMLA, Hill bears the burden of submitting facts sufficient to support jurisdiction.[1] See Irwin v. Veterans Admin., 874 F.2d 1092, 1096 (5th Cir. 1989).

---

[1] We note that the district court's consideration of evidence outside of the pleadings does not serve to transform RIAG's Rule 12(b)(1) motion into a motion for summary judgment. A Rule 12(b)(1) motion attacking the facts that form the basis of the court's jurisdiction will not be converted into a motion for summary judgment unless those facts are "inextricably intertwined" with the merits of the case. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 171 (5th Cir. 1994); see also Stanley v. Cent. Intelligence Agency, 639 F.2d 1146, 1158 (5th Cir. 1981); see generally 2 James Wm. Moore et al., Moore's Federal Practice § 12.30 (3d ed. 1999).

A Rule 12(b)(1) motion to dismiss should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim that would entitle [her] to relief." Home Builders Ass'n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5ᵗʰ Cir. 1998). The district court "may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Robinson v. TCI/US West Communications, Inc., 117 F.3d 900, 904 (5ᵗʰ Cir. 1997). While we review the district court's decision to dismiss de novo, see Hager v. NationsBank N.A., 167 F.3d 245, 247 (5ᵗʰ Cir. 1999), the court's "jurisdictional findings of fact" are reviewed for clear error. Robinson, 117 F.3d at 904; see also Randel v. United States Dep't of the Navy, 157 F.3d 392, 395 (5ᵗʰ Cir. 1998).

Under the FMLA, only an employee who is an "eligible employee" within the meaning of the act may pursue a private cause of action against an employer. See 29 U.S.C. § 2611. An eligible employee is an employee who has been employed for at least twelve months, worked at least 1,250 hours in the last twelve month period, and who reports to a worksite employing at least fifty employees within seventy-five miles of the site. See 29 U.S.C. § 2611(2). RIAG argues that Hill is not an eligible employee under the terms of the FMLA because she did not work at a worksite that employed fifty employees within seventy-five

3

miles of the site.

The regulations accompanying the FMLA state that in the case of employees with no fixed worksite, such as regional salespersons, the worksite is the office the salesperson reports to and from which assignments are made. See 29 C.F.R. § 825.111(a)(2). RIAG argues that Hill's worksite was in Dallas, Texas, because her supervisor, Jim Vorlop ("Vorlop"), resided in Dallas and he was responsible for assigning work to Hill, reporting her sales, and supervising her progress. Hill argues that her real worksite was one of two locations in New York, because "her principal assigned work" came from RIAG's New York offices.

The district court determined that Dallas was Hill's worksite for the purpose of determining whether she was an eligible employee under the FMLA. We can not say this determination was clearly erroneous. Although there is some evidence indicating that Hill had periodic contact with RIAG's offices in New York, Hill's deposition testimony indicates that she reported her sales to Vorlop in Dallas, that her territory was within his managerial region, that he monitored her sales, and that he was responsible for monitoring her during probationary employment periods. Additionally, RIAG submitted the affidavit of its human resources manager, who stated that Hill was assigned work by, and reported her sales to, Vorlop.

The district court further found that RIAG did not employ fifty or more employees within seventy-five miles of Dallas. An

4

affidavit submitted by RIAG indicated that the company did not have fifty or more employees within seventy-five miles of Dallas, and Hill did not introduce any evidence that the requisite number of employees worked within the Dallas area.

Lastly, Hill argues that the district court erred by not treating RIAG as an "integrated employer" as defined by the FMLA's accompanying regulations. See 29 C.F.R. § 825.104(c)(2). Because RIAG is an integrated part of another company, Hill argues that the question of whether she was an eligible employee should have been evaluated in light of her relationship with the parent company. However, given that Hill bears the burden of showing that she was an eligible employee, her argument must fail. The record is wholly void of any evidence indicating that RIAG is an integrated employer or that Hill was an eligible employee of any company of which RIAG may be a part.

The district court's factual findings were not clearly erroneous. Because the district court's findings meant Hill was not an eligible employee within the meaning of the FMLA, she could not sue for relief and the district court had no jurisdiction to hear her claim. Therefore, the district court properly granted RIAG's motion to dismiss. We AFFIRM.