IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50362
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD JOE HENSON,
also known as Jerry Henson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-154-6-JN
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gerald Joe Henson, federal inmate # 13118-064, appeals the district court's dismissal of his Fed. R. Crim. P. 12(b)(2) motion for lack of subject-matter jurisdiction. Henson contends that the district court erred by construing his motion as a 28 U.S.C. § 2255 motion. Henson wishes to challenge his indictment pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment did not allege a $61 million tax loss, obstruction of justice, and the printing of counterfeit securities.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the district court's dismissal for lack of jurisdiction is *de novo*. *See Hager v. NationsBank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999). Regardless of the label Henson affixed to his motion, it challenges the constitutionality of his sentence as imposed by the district court and was properly construed as a 28 U.S.C. § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998). Because the motion filed purportedly under Fed. R. Crim. P. 12(b)(2) was properly construed as a successive 28 U.S.C. § 2255 motion, Henson was required to obtain this court's authorization to file it. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Henson did not obtain authorization, and the district court properly dismissed the motion for lack of jurisdiction. The district court's dismissal is AFFIRMED.