IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50533
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HOUSTON ROBERSON, also known as Michael Renwick Houston,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-93-CR-109-2-JN
--------------------
March 5, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Michael Houston Roberson, federal prisoner # 60656-080, appeals the district court's dismissal of his FED. R. CRIM. P. 12(b)(2) and (f) motion for lack of subject-matter jurisdiction. Roberson wishes to challenge his indictment pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), because the indictment did not allege a drug quantity. He also wishes to challenge the constitutionality of 21 U.S.C. § 841 because it removes an essential element of the offense, drug quantity, from the jury's consideration.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the district court's dismissal for lack of jurisdiction is *de novo*. See <u>Hager v. NationsBank N.A.</u>, 167 F.3d 245, 247 (5th Cir. 1999). Regardless of the label Roberson affixed to his motion, it challenges the constitutionality of his sentence as imposed by the district court and was properly construed as a 28 U.S.C. § 2255 motion. See <u>Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000); <u>United States v. Rich</u>, 141 F.3d 550, 551 (5th Cir. 1998). Because the motion filed purportedly under FED. R. CRIM. P. 12 was properly construed as a successive 28 U.S.C. § 2255 motion, Roberson was required to obtain this court's authorization to file it. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Roberson did not obtain authorization, and the district court properly dismissed the motion for lack of jurisdiction. The district court's dismissal is

AFFIRMED.