**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-10921
_____

OLADIPO A. KALE,

Petitioner-Appellant,

versus

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,
NEBRASKA SERVICE CENTER,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 01-CV-225)
_____

May 10, 2002

Before DUHÉ, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Oladipo Kale appeals from the district court's dismissal of his petition for mandamus, declaratory, and injunctive relief for lack of federal subject matter jurisdiction. We agree that jurisdiction is lacking over Kale's request for mandamus, but disagree that we are divested of jurisdiction over the federal claims for which Kale seeks declaratory and injunctive relief. Nevertheless, we conclude that other grounds justify the district court's summary dismissal of those claims, and therefore we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On July 20, 2000, Kale's former employer, Hyundai Semiconductor America ("Hyundai"), filed an application with Immigration and Naturalization Service ("INS") for a change of Kale's nonimmigrant status.[1] The INS denied Hyundai's request on the ground that Kale was not eligible for a change of status because his previous immigration status had already expired. See 8 C.F.R. § 248.1(b). Thereafter, Kale moved to reopen or reconsider the denial, but the INS declined to reconsider its decision on the ground that Kale did not have standing as he was not an "affected party" as defined in 8 C.F.R. §§ 103.5(a)(1)(i) and 103.3(a)(1)(iii)(B).

Appearing pro se and proceeding in forma pauperis, Kale filed this suit against the INS, seeking judicial review of its decision not to reconsider the denial of change of status. In his complaint, Kale asserts that the INS's denial of his motion for reconsideration constituted an error of law or an abuse of discretion in that the agency had misinterpreted its own regulations, specifically 8 C.F.R. §§ 103.5(a)(1)(i) and 103.3(a)(1)(iii)(B). Further, he contends that the INS's failure to follow its regulations in denying his motion resulted in a violation of his due process and equal protection rights. Kale

---

[1] Kale previously had a nonimmigrant visa with B-1 status, meaning he was temporarily visiting the United States for business, but sought to be reclassified as nonimmigrant H-1B, which would authorize him to work in a specialty occupation and to earn a salary. See 8 U.S.C. § 1101(a)(15).

claims an entitlement to relief in the nature of mandamus as well as declaratory and injunctive relief.

Before service on the INS, the magistrate judge screened Kale's complaint and, citing lack of subject matter jurisdiction, recommended that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Agreeing, the district court adopted the magistrate judge's recommendation and entered judgment accordingly. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review the district court's dismissal for lack of jurisdiction de novo. Hager v. NationsBank N.A., 167 F.3d 245, 247 (5th Cir. 1999). The district court dismissed Kale's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), which authorizes the dismissal of an in forma pauperis complaint that the court determines to be frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 981 n.2 (5th Cir. 1992).

As an initial matter, we note our agreement with the district court that the Administrative Procedure Act, 5 U.S.C. § 702, does not, in itself, confer subject matter jurisdiction on the federal courts. See Califano v. Sanders, 430 U.S. 99, 107 (1977). The same is true with regard to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure 57 and 65; an independent jurisdictional basis must be present before a claim for

declaratory and injunctive relief can be entertained.  See, e.g., Schilling v. Rogers, 363 U.S. 666, 667 (1960).  Accordingly, we turn to the question whether the independent bases for jurisdiction asserted by Kale provide arguable support for the exercise of jurisdiction.

B.   Jurisdiction Under the Mandamus Act

We first consider Kale's contention that the Mandamus Act, 28 U.S.C. § 1361, supplies jurisdiction here.  The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  An extraordinary remedy, mandamus is available only where the plaintiff has a "clear and certain" right to relief.  Dunn-McCampbell Royalty Interest, Inc. v. National Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997); Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).  In addition, for mandamus to issue, the defendant must owe a duty "so plainly prescribed as to be free from doubt" — that is, a duty imposed by statute or the Constitution — to perform a specific, nondiscretionary act.  Giddings, 979 F.2d at 1108.

In this case, there is no arguable basis for the exercise of mandamus jurisdiction.  First, Kale has no clear right to relief because he lacks standing to move for reconsideration.  Under the applicable regulations, standing to move to reopen or reconsider is given only to an "affected party," which is defined as "the person or entity with legal standing in a proceeding.  It does not include

4

the beneficiary of a visa petition." 8 C.F.R. § 103.3(a)(1)(iii)(B). Hyundai was the party recognized to have standing in the underlying proceeding to change the classification of Kale's nonimmigrant visa to H-1B; Kale was not a party to the original request for an adjustment of status. Although Kale may be regarded as the beneficiary of Hyundai's petition, such a beneficiary is not recognized as an "affected party" under the plain terms of the governing regulation. Accordingly, we find that the INS properly determined that Kale lacked standing under its regulations.

Second, even if Kale could be considered to have standing to seek reconsideration as an "affected party," he would not be entitled to reconsideration in any event. The regulations clearly provide that no appeal lies from the denial of an application for a change of nonimmigrant classification. Id. § 248.3(g). Thus, for this reason as well, Kale lacks a clear right to relief.

Finally, mandamus is unavailable as Kale does not seek the performance of a ministerial, nondiscretionary act. The applicable regulations clearly vest the appropriate INS official with discretion in deciding whether to reconsider or reopen a matter: 8 C.F.R. § 103.5(a)(1)(i) provides that, upon a motion to reopen or reconsider, the official "may, for proper cause shown, reopen the proceeding or reconsider the prior decision." Mandamus cannot be used to compel the performance of such a purely discretionary act. Therefore, it is patently clear that there is no arguable basis supporting the exercise of mandamus jurisdiction. The district

5

court properly held that 28 U.S.C. § 1361 does not convey jurisdiction here.

## C. Federal Question Jurisdiction

We now turn to the question whether federal courts possess jurisdiction to grant Kale injunctive and declaratory relief with regard to his claims under the APA and his due process and equal protection claims. The district court concluded that it lacked subject matter jurisdiction over Kale's claims for injunctive and declaratory relief because judicial review was barred by 8 U.S.C. § 1252(g). We disagree.

Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The district court considered the application for adjustment of status to be an application for adjudication of an immigration claim and thus found that the statute divested it of jurisdiction. However, in Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999), the Supreme Court narrowly construed 8 U.S.C. § 1252(g), stating that it does not cover "the universe of deportation claims" but applies only to "three discrete events along the road to deportation." For purposes of this case, American-Arab instructs that the three jurisdiction-stripping events listed in the statute — the decisions to commence proceedings, to adjudicate cases, and to execute removal orders — represent "the initiation or prosecution of

6

various stages in the deportation process." Id. at 483. The applicability of § 1252(g) in this case is thus doubtful because there is no indication in the record that the actions taken by the INS were part of deportation proceedings; indeed, there is no indication that deportation proceedings have been initiated against Kale. The mere fact that deportation proceedings might later be initiated against Kale does not bring this case within narrow reach of § 1252(g).

Neither does 8 U.S.C. § 1252(a)(2)(B)(ii) strip the court of jurisdiction to consider Kale's federal claims. That statute insulates from judicial review any "decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." Kale seeks review of the INS's denial of his request to reconsider its ruling as to Kale's eligibility for a status change.[2] Although that decision is a discretionary one, 8 C.F.R. § 103.5(a)(1)(i), there is no provision in the relevant subchapter that vests the Attorney General with such discretionary authority. Accordingly, we decline to hold that § 1252(a)(2)(B)(ii) deprives the district court of jurisdiction to consider the denial of a motion to reopen.

---

[2] Curiously, if Kale were challenging the INS's underlying decision — its denial of Hyundai's request to change Kale's nonimmigrant visa status — the statute would bar the exercise of federal jurisdiction here: 8 U.S.C. § 1258, which is within the subchapter, leaves the decision to change a nonimmigrant's status to the discretion of the district court and therefore such decisions are not subject to judicial review under § 1252(a)(2)(B)(ii). See Prado v. Reno, 198 F.3d 286, 291 (1st Cir. 1999) (discussing this scenario).

Although the district court erroneously dismissed Kale's federal claims for lack of subject matter jurisdiction, we nevertheless conclude that its dismissal of Kale's complaint was justified on other grounds. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. Unit B Aug. 1981) (stating that a dismissal may be upheld on alternative grounds). Kale's APA claim as well as his constitutional claims are based solely upon his allegation that the INS either misinterpreted or failed to follow its regulations relative to standing. But because we have found that the INS properly applied the governing regulations, there is no arguable basis in law for Kale's remaining claims. The district court properly dismissed Kale's complaint.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED, albeit on alternative grounds.