IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-41632
Conference Calendar

UNITED STATES OF AMERICA

Respondent-Appellee

v.

ARISTEO GALLEGOS-OROZCO

Petitioner-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CV-177

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Aristeo Gallegos-Orozco, federal prisoner # 64676-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition with prejudice for lack of subject matter jurisdiction and without prejudice as to all other issues. Gallegos-Orozco is serving a 292-month sentence for conspiracy to possess with the intent to distribute more than 100 grams of methamphetamine. Gallegos-Orozco's motion to file an out-of-time reply brief is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gallegos-Orozco argues that the district court erred in finding that it lacked subject matter jurisdiction over his § 2241 petition and that the district court erred in failing to consider the merits of his § 2241 petition because he had alleged a fundamental defect in his criminal conviction and he made a claim of actual innocence. He argues that the district court could not construe his petition as a 28 U.S.C. § 2255 motion.

The district court's dismissal for lack of jurisdiction is subject to de novo review. See Hager v. NationsBank N.A., 167 F.3d 245, 247 (5th Cir. 1999). Gallegos-Orozco is incarcerated in Kentucky. Accordingly, the Southern District of Texas was not Gallegos-Orozco's custodial court, and the district court correctly concluded that it did not have subject matter jurisdiction to consider his § 2241 petition. See § 2241; United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990). Further, the district court correctly concluded that it could not construe Gallegos-Orozco's § 2241 petition as a § 2255 motion because such a motion would be successive, and Gallegos-Orozco had not obtained this court's permission to file a successive § 2255 motion. See § 2255(h); 28 U.S.C. § 2244(b)(3)(A). The district court's judgment is AFFIRMED.