# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-30731
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2010

Charles R. Fulbruge III
Clerk

BELLA MARIE PECHON,

Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS; ALAN LEVINE, individually and in his official capacity as Secretary of the Louisiana Department of Hospitals,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-cv-664

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Bella Marie Pechon sued Louisiana and one of its officials in federal court for money damages. The district court dismissed the case as frivolous and awarded attorney's fees to the state official. Pechon filed a motion for relief from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the judgment – which the court denied. Pechon appeals, and we affirm in part and dismiss in part for lack of appellate jurisdiction.

## I.

Pechon alleges that her boss fired her for being too old. She sued her former employer – the Louisiana Department of Health and Hospitals – and its Secretary – Alan Levine – in federal district court. Pechon sought money damages from all defendants, including from Levine in both his official and personal capacities. She asserted causes of action under the Due Process Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act.[1]

The defendants filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, which the court, through a magistrate judge,[2] granted. It found that the Eleventh Amendment shielded from suit in federal court the Department[3] and Levine in his official capacity. Because Pechon did not allege any facts to show that Levine personally had wronged her, the court dismissed the § 1983 action against him for failure to state a claim. Finally, the court

---

[1] 29 U.S.C. §§ 621 *et seq.* Pechon originally complained under both the federal Age Discrimination in Employment Act and the age-based portions of the Louisiana Employment Discrimination Law. LA. REV. STAT. ANN. §§ 23:311 *et seq.* Penchon does not mention the state cause of action in her brief, so she has abandoned any claim thereunder. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[2] Before the district court, both parties consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c). *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."). Under these circumstances, the magistrate judge may "conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly." *Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984).

[3] We have found the Department to be an "alter ego" of the state. *See Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987).

dismissed the age discrimination claim because the Act requires plaintiffs first to exhaust administrative remedies, which Pechon concedes she did not do. For having to defend against Pechon's frivolous lawsuit, each defendant requested – and the court granted – attorney's fees under 42 U.S.C. § 1988.

Pechon filed motions under Federal Rules of Civil Procedure 59(a)(1)(B), 59(e), and 60(b)(6) – seeking a new trial, an alteration to the judgment, or relief from the operation of the judgment. As Pechon did not establish a manifest error of law or other extraordinary circumstances to justify disturbing the earlier order, the court denied her motions. The court did, however, move sua sponte to clarify its previous order, explaining that only Levine in his personal capacity – not the other defendants – would receive attorney's fees under § 1988. The court left for future decision the amount of those fees and instructed Levine to submit a detailed calculation of his legal expenses.

Pechon filed a notice of appeal, in which she challenges three of the magistrate judge's decisions: 1) the dismissal of her claims;[4] 2) the denial of relief from that judgment; and 3) the imposition of attorney's fees.

## II.

We must pause to verify our jurisdiction. Pechon urges that we have it under 28 U.S.C. § 1291, which vests the circuit courts with authority to hear "appeals from all final decisions of the district courts of the United States."

"In most cases, an order is final only when it ends the litigation on the

---

[4]The notice of appeal expressly challenges only the denial of Pechon's Rules 59 and 60 motions and the imposition of attorney's fees. That is, Pechon did not in the notice of appeal question the underlying decision to dismiss her case, even though Federal Rule of Appellate Procedure 3 requires appellants to "designate" on their notices of appeal the "judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B). While Pechon "has breached the formal requirements of Rule 3(c), this error does not defeat [her] right to appeal the entire case. Interpreting notices of appeal liberally, this Court often has exercised its appellate jurisdiction – despite an improper designation under Rule 3(c) – where it is clear that the appealing party intended to appeal the entire case." *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1147-48 (5th Cir. 1992).

merits and leaves nothing for the court to do but execute the judgment."[5]  Here, the dismissal of Pechon's claims and the denial of post-judgment relief are final. Nothing left to do but execute the judgment.

The imposition of attorney's fees is another story.  Indeed, a claim for attorney's fees is seen as a separate action from one on the merits,[6] and we have held that an order imposing attorney's fees that leaves "for a later determination the amount" is not a "'final order' for purposes of appellate review."[7]  In this case, the district court expressly set for future decision the amount of the attorney's

---

[5]*Club Retro LLC v. Hilton*, 568 F.3d 181, 214 (5th Cir. 2009) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978); *Catlin v. United States*, 324 U.S. 229 (1945)) (quotation marks omitted).

[6]*White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451-52 (1982) (explaining that a "court's decision of entitlement to fees [under § 1988] will . . . require an inquiry separate from the decision on the merits"); *Echols v. Parker*, 909 F.2d 795, 798 (5th Cir. 1990) ("Additionally, attorney's fees are considered collateral to the merits, so that final judgments as to attorney's fees can be appealed separately from the 'merits' judgment. Because a judgment is not final until both liability and damages are determined, a judgment awarding an unspecified amount of attorney's fees is interlocutory in nature." (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 826 (5th Cir. 1990))); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988) ("[A]wards of attorney's fees may be appealed separately as final orders after a final determination of liability on the merits."); 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.158 (3d. ed.) ("A judgment awarding or denying attorney's fees . . . may be appealed separately from the merits judgment.").  Note, too, the inverse: the Supreme Court has held that questions about the "recoverability or amount of attorney's fees for the litigation" do not bear on the finality of the underlying case.  *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988); *see also Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 585 (5th Cir. 2008) ("The Supreme Court has made clear that 'a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.'" (quoting *Budinich*, 486 U.S. at 202-03)).

[7]*Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976); *Southern Travel Club v. Carnival Air Lines*, 986 F.2d 125, 131 (5th Cir. 1993) (holding "that an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain" – even though "this requirement may result in some 'diseconomy'").  *See* 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.158 (3d. ed.) ("A judgment awarding a fee is not appealable until the amount of the fee has been established.  When the court chooses to bifurcate the issues of liability and amount . . . it may rule that the fee movant is entitled to fees and may actually enter a judgment to that effect.  Nevertheless, that judgment is not appealable until later proceedings have been held in which the exact amount of the fee is determined.  Once the amount is set, an appeal from the judgment brings up for review both the amount and the earlier decision as to the right to the fee." (citing *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414 (5th Cir. 1994))).

fees.[8]  We DISMISS for lack of jurisdiction the portion of Pehcon's appeal challenging the imposition of attorney's fees.

### III.

We review de novo the district court's dismissal for lack of subject matter jurisdiction[9] and for failure to state a claim.[10]  Pechon has given up trying to sue either the Department or the Secretary – each an arm of the state of Louisiana – for money damages.  She maintains, however, that Levine is vulnerable to a suit for money damages in his personal capacity.  No doubt, but to recover under § 1983 Pechon has to prove that Levine was either "personally involved in the constitutional violation" or "causally connected to the constitutional violation alleged."[11]  To do this, she might show that Levine has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[12]  Pechon has not so alleged – and certainly has not presented enough to "raise [her] right to relief above the speculative level."[13]

---

[8]Pechon urges that – after she filed her appeal – the magistrate judge set the attorney's fees.  The record on appeal does not so indicate, and, in any event, "a premature notice of appeal operates as a valid one 'only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment,'" which is not here the case. *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) (quoting *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991)).

[9]*Hager v. NationsBank, N.A.*, 167 F.3d 245, 247 (5th Cir. 1999).

[10]*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

[11]*Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995); *see Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006).

[12]*Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978))) (quotation marks omitted).

[13]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Even in her motion for post-judgment relief, the best Pechon can muster is: "Presumably, the actions and failures to act respecting Ms. Pechon were under some sort of departmental policy . . . ." R. at 146.  Bald

That leaves only Pechon's federal age discrimination claim. She admits that she cannot recover directly under the Act, because she did not exhaust administrative remedies.[14] Instead, she tries to shoehorn her age discrimination claim into a § 1983 cause of action – based on a violation of equal protection for the elderly. But we have held that "§ 1983 age discrimination claim[s] [are] preempted by the ADEA."[15] We hold that the magistrate judge rightly dismissed each of Pechon's claims.

In her motions for relief from judgment, Pechon tried to relitigate her dismissed causes of action. Because the magistrate judge correctly dismissed the claims in the first instance, it necessarily follows that the magistrate judge did not abuse her discretion[16] in denying relief from the judgment.

---

presumptions will not do. We further note, in response to a contrary argument in Pechon's appellate brief, that a court deciding a motion to dismiss must rely on the complaint and documents specifically referenced therein. *See Dorsey v. Portfolio Equities, Inc*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint, including those made on appeal." (citing *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007)) (quotation marks omitted)).

[14]*See* R. at 61.

[15]*Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997). Additionally, Pechon has not stated sufficient facts to "independently support a § 1983 claim" of, say, racial or gender discrimination. *Id.*

[16]Regarding Pechon's Rule 59(a) motion: "Ordinarily, a district court's decision not to grant a new trial under Rule 59(a) is not appealable. An appeal of the denial of a Rule 59(a) motion for a new trial merely restates the attack on the merits of the final judgment. . . . The only exception to this rule is when new matters arise after the entry of the judgment." *Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir. 1986) (citations and quotation marks omitted). Pechon did not present new matters that arose after judgment. As to her Rule 59(e) motion: "A district court's decision not to amend or alter judgment may be overturned only for an abuse of discretion." *Id.* (citation omitted). A Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations and quotation marks omitted). And Pechon's Rule 60(b) motion: We will reverse

6

The district court did not err in dismissing Pechon's case, so we AFFIRM both the dismissal and the denial of motions seeking a new trial, an alteration to the judgment, and relief from the operation of the judgment.

AFFIRMED IN PART; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.

---

"only for abuse of . . . discretion. A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citations and quotation marks omitted).