# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2020

Lyle W. Cayce
Clerk

No. 20-30133
Summary Calendar

Ryan Haygood; Haygood Dental Care, L.L.C.,

*Plaintiffs—Appellants*,

*versus*

Camp Morrison; C. Barry Ogden; Karen Moorhead;
Dana Glorioso,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-335

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

This appeal concerns an attorney's fee award. Ryan Haygood and Haygood Dental Care, LLC (collectively, "Haygood") sued Camp Morrison, C. Barry Ogden, Karen Moorhead, and Dana Glorioso (collectively, "Appellees"), along with defendants not part of this appeal. After dismissing Haygood's claims, the district court granted Appellees' motion for attorney's fees and denied Haygood's resulting motion for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

reconsideration. Haygood now appeals. For the following reasons, we DISMISS the appeal for want of jurisdiction.

Under 28 U.S.C. § 1291, we have authority to hear "appeals from all final decisions of the district courts of the United States." In most cases, "an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 214 (5th Cir. 2009) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978)). An order imposing attorney's fees that leaves the amount for "later determination" is not final for purposes of appellate review. *Southern Travel Club. v. Carnival Air Lines*, 986 F.2d 125, 131 (5th Cir. 1993) ("[A]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain."); *see also Pechon v. La. Dept. of Health*, 368 F. App'x 606, 609–10 (5th Cir. 2010) (explaining that a claim for attorney's fees is "a separate action from one on the merits" and leaving the amount in question is not a final order).

On March 14, 2019, the district court granted a motion for attorney's fees in Appellees' favor without specifying the amount awarded. It then ordered Appellees to file detailed time reports within twenty-one days of the order so that it could determine a reasonable amount for attorney's fees. After an extension, Appellees submitted a motion to file detailed time reports with an attached exhibit reflecting same. Thereafter, the district court granted the motion to submit detailed time reports, but it has not yet entered an order specifying the precise amount of attorney's fees awarded. Since no order exists specifying the amount awarded in attorney's fees, we lack jurisdiction over this appeal.

DISMISSED.